**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

GABRIEL STECKER,                          )
                                          )
            Plaintiff,                    )
        v.                                )
                                          )        No. 4:25-cv-00276-SEP
BILL ANDERSON, et al.,                    )
                                          )
            Defendants.                   )

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Gabriel Stecker's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. [2].  Based on Plaintiff's financial information, the Court grants his application and waives the filing fee.  For the foregoing reasons, the Court issues process on Plaintiff's RLUIPA claims brought against Defendants Bill Anderson, Donna Anderson, Wayne Cook, Jr., Kimberly Katzenberger, Lorinda Santos, Stacey Missey, Paula McMillen, Logan Allen, Josh Herwig, Kristen Lands, Michaelle Hall, Jarrod Hosking, Dawn Montgomery, Alivia Gerren, and Robyn McNabb in their official capacities, and dismisses Plaintiff's RLUIPA claims brought against these Defendants in their individual capacities.  The Court dismisses Plaintiff's RLUIPA claims brought against Defendants George Killion, Robyn Borrajo and Chris Chamberlin in both official and individual capacities.  Also, the Court dismisses without prejudice Plaintiff's claims brought under 42 U.S.C. § 1983 against all Defendants.

## LEGAL STANDARD

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  The Court must "accept as true the facts alleged, but not legal

conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Serv. LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### THE COMPLAINT

Plaintiff Gabriel Stecker, a resident of Missouri's involuntary civil commitment program for the treatment of sexually violent predators, Sex Offender Rehabilitation Treatment Services (SORTS), brings this action alleging that SORTS officials substantially burdened his religious practice by confiscating his Halloween Forever oracle deck and booklet. He sues all Defendants in their individual and official capacities.

As a practicing Wiccan, Plaintiff felt "powerfully compelled" to purchase a Halloween Forever oracle deck to connect with his faith. Doc. [1] at 8. He claims that SORTS officials preapproved the purchase but later confiscated the deck because it did not comply with his treatment plan. *Id.* at 8-9. Writes Plaintiff: "Communication with the Fae through this specific deck is a substantial part of my faith. Once it was confiscated, I could no longer communicate with my spiritual companions, the Fae." *Id.* While SORTS officials have offered to buy Plaintiff an alternative deck to replace the confiscated deck, Plaintiff maintains that the Halloween Forever oracle deck that he ordered is a "magical and holy item that is truly irreplaceable." *Id.*

-2-

SORTS officials closely monitor residents' media consumption and offered the alternative decks as the "best choices to meet treatment needs and adhere to SORTS policy." *Id.* at 8-9. After Plaintiff began the grievance process to obtain more information about the confiscation of his deck, SORTS cited the following Individual Treatment Plan objective:

> {Plaintiff} will submit a self-monitored event related to risk in regards to media consumption (books, television shows, movies, ect. [sic] at least 2x per month. He will need to show an ability to discuss what about a piece of media might make it a risk (i.e. children or teenage characters, sexual content, romantization {sic} of problematic relationship dynamics, ect. [sic]) And describe what skills he uses to lower these associated risks. Until {Plaintiff} meets this objective, he will be limited on the media he is allowed to order within the facility and check out from the library (this includes, but is not limited to, anime related content, role playing games, and media rated above his privilege level.)

*Id.* at 9. SORTS has refused to define what constitutes anime and role-playing games, *id.*, which Plaintiff argues is in direct violation of the Religious Land Use and Institutionalized Persons Act's (RLUIPA) requirement that any substantial burden on religious exercise must be accomplished using the least restrictive means to further the government's interest. 42 U.S.C. § 2000cc-1(a). Further, Plaintiff alleges that he was punished for requesting an alternative to his requested deck, in the form of being assigned a Problem Behavior Worksheet, which impacts privileges and treatment advancement. *Id.* at 9-10.

According to Plaintiff, his SORTS Hoctor 3 care team "were the ones that actively confiscated the Halloween Forever oracle deck and booklet" and were "directly responsible for the initial decision to confiscate the Halloween Forever oracle deck and booklet." Doc. [1] at 12-15. He identifies Wayne Cook Jr., Kimberly Katzenberger, Lorinda Santos, Stacey Missey, Paula McMillen, Logan Allen, Josh Herwig, Kristen Lands, Michaelle Hall, Jarrod Hosking, Dawn Montgomery, Alivia Green, and Robyn McNabb as part of his care team.

For relief, Plaintiff seeks the return of the exact Halloween Forever oracle deck and booklet that were confiscated. *Id.* at 16. He asks that his individualized treatment plan objectives not apply to religious materials. He also seeks the appointment of an independent board to oversee the State of Missouri's compliance with RLUIPA. He asks that an appointed individual specifically trained in RLUIPA law create an official process by which alternative offers for religious restrictions be presented. Finally, he asks that the State of Missouri "change the wording of pornography and nudity[] when applied to religious materials," to comply with the "common law definition." *Id.* at 17.

### DISCUSSION

I.    <u>**Plaintiff states a plausible RLUIPA claim against some Defendants in their official capacities.**</u>[1]

Plaintiff generally alleges that by confiscating his Halloween Forever oracle deck, SORTS burdened his religious exercise in a manner that was not the least restrictive means to further the government's interest in violation of RLUIPA.  42 U.S.C. § 2000cc-1(a).  Plaintiff alleges that divination is a central tenant of his Wiccan religion and the Halloween Forever oracle deck is a "magical and holy item" he uses to communicate with the Fae.  Doc. [1] at 8.

RLUIPA provides:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –

(1)    is in furtherance of a compelling governmental interest; and

(2)    is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).  In support of his RLUIPA claim, Plaintiff cites *Derby v. Wiskus*, 2023 WL 1765194, at *4 (E.D. Mo. Feb. 3, 2023), *on reconsideration in* part, 2023 WL 2571523 (E.D. Mo. Mar. 20, 2023), a post-trial order enforcing parties' mid-trial settlement.  In *Derby*, another practicing Wiccan SORTS resident brought suit under RLUIPA after his deck of tarot cards was confiscated.  As part of the settlement, SORTS agreed to "allow Mr. Derby to obtain a tarot deck of his choosing and substitute cards within the tarot deck containing nude images with other cards that do not contain nude images." *Id.*

**A.  Plaintiff states RLUIPA claims against the members of his Hoctor 3 care team.**

Liberally construing the Complaint, the Court finds that it states a plausible RLUIPA claim against the members of Plaintiff's SORTS Hoctor 3 care team, who "were the ones that actively confiscated the Halloween Forever oracle deck and booklet" and were "directly responsible for the initial decision to confiscate the Halloween Forever oracle deck and booklet." Doc. [1] at 12-15.  Service will therefore issue on Wayne Cook, Jr., Kimberly Katzenberger,

---

[1] RLUIPA does not authorize claims against state officials in their individual capacities.  *See Barnett v. Short*, 129 F.4th 534, 542-43 (8th Cir. 2025).  The RLUIPA claims against Defendants in their individual capacities will therefore be dismissed.

Lorinda Santos, Stacey Missey, Paula McMillen, Logan Allen, Josh Herwig, Kristen Lands, Michaelle Hall, Jarrod Hosking, Dawn Montgomery, Alivia Gerren, and Robyn McNabb.

### B. Plaintiff has stated a claim against SORTS Director Bill Anderson and SORTS CEO Donna Anderson.

Plaintiff alleges that SORTS Director Bill Anderson ultimately made the decision to confiscate the oracle deck and booklet. *Id.* at 11. Service will therefore issue on Bill Anderson on Plaintiff's RLUIPA claims. And although Plaintiff's allegations against Sorts CEO Donna Anderson are less specific, he plausibly states a claim against her as well. *Id.* at 1, 11. Plaintiff alleges that Donna Anderson was made aware of the situation, failed to intervene, and was "directly responsible for the formation of [SORTS] policies." *Id.* at 11. Service will issue on Donna Anderson as well.

### C. Plaintiff may proceed with his RLUIPA claims against the Doe Defendants.

Plaintiff alleges claims against Doe Defendants identified as: (1) the COO of SORTS, (2) Property Supervisor Jane Doe, and (3) the property room staff and supervisor. As to the first Doe Defendant, Plaintiff states that the unknown COO was "made aware of the situation and failed to intervene" and is "directly responsible for the formation of policies such as this policy on what constitutes pornography and nudity." *Id.* at 11-12. As to the property room Doe Defendant, Plaintiff states the property room supervisor and staff "enforce[ed] the policies of nudity and pornography in regards to religious items." *Id.* at 15-16.

Generally, it is impermissible to name fictitious parties as defendants. *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). But "[d]ismissal is only proper when it appears that the true identity of the defendant cannot be learned through discovery or the court's intervention." *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). An action may proceed against an unknown party as long as the complaint makes "allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." *Estate of Rosenberg*, 56 F.3d at 37.

Plaintiff has identified the Doe Defendants specifically by job title and description. Discovery will likely provide names for such Doe Defendants, after which Plaintiff may move to amend his Complaint. Therefore, on initial review, the Court will allow Plaintiff to maintain his action against the Doe Defendants.

### D. Defendants George Killion, Robyn Borrajo, and Chris Chamberlin are dismissed.

Plaintiff names as Defendants George Killion, Director of Treatment Services at SORTS, and Robyn Borrajo, Grievance Coordinator of the SORTS program. Doc. [1] at 12, 15. Both Killion and Borrajo are named in supervisory roles but not as individuals who directly engaged in RLUIPA violations. Because Plaintiff has not alleged that any direct actions of Killion or Borrajo substantially burdened his religious exercise, the Court dismisses them from the case.

Plaintiff alleges Chris Chamberlin, the Security Director of SORTS, formulates and enforces policies regarding what constitutes pornography and nudity. But Plaintiff does not allege that Chamberlin formulated or enforced any policy that resulted in the confiscation of his Halloween Forever oracle deck. He alleges officials confiscated his deck because it did not comply with the objectives of his individualized treatment plan—a treatment plan that does not involve Defendant Chamberlin. *See id.* at 9; *see also id.* at 10 ("The Halloween Forever oracle deck and booklet did not contain nudity nor was nudity cited as the reason verbally given to plaintiff."). The Court therefore dismisses Defendant Chris Chamberlin.

## II.    Plaintiff's First Amendment claims are dismissed without prejudice.

Plaintiff mentions the First Amendment only in his preliminary statement, which is the first paragraph of his Complaint. Doc. [1] at 2. The rest of the 18-page Complaint alleges only RLUIPA violations. Unlike his RLUIPA claim, where Plaintiff names each Defendant and specifically alleges how each Defendant violated RLUIPA, Plaintiff does not allege which Defendants violated his First Amendment rights.

Liability in a 42 U.S.C. § 1983 case is assessed on a defendant-by-defendant basis. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017) ("§ 1983 liability is personal") (quoting *Doran v. Eckold*, 409 F.3d 958, 965 (8th Cir.) (en banc), *cert. denied*, 546 U.S. 1032 (2005)). Section 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Love v. Schoffman*, 142 F. App'x 278, 279 (8th Cir. 2005); *Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993). To state a claim under § 1983, a plaintiff must allege facts connecting the putative defendant to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

-6-

Even liberally construed, the Complaint fails to specify which Defendants Plaintiff brings his First Amendment claims against and in what capacity.  The Court therefore dismisses Plaintiff's First Amendment claims without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed Pro Se, Doc. [3], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants George Killion, Robyn Borrajo, and Chris Chamberlin are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's 42 U.S.C. § 1983 claims for violation of the First Amendment are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process on the Complaint pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office as to Defendants Bill Anderson, Donna Anderson, Wayne Cook Jr., Kimberly Katzenberger, Lorinda Santos, Stacey Missey, Paula McMillen, Logan Allen, Josh Herwig, Kristen Lands, Michaelle Hall, Jarrod Hosking, Dawn Montgomery, Alivia Gerren, and Robyn McNabb in their official capacities for alleged RLUIPA violations.

**IT IS FINALLY ORDERED** that Plaintiff's RLUIPA claims against Defendants Bill Anderson, Wayne Cook, Jr., Kimberly Katzenberger, Lorinda Santos, Stacey Missey, Paula McMillen, Logan Allen, Josh Herwig, Kristen Lands, Michaelle Hall, Jarrod Hosking, Dawn Montgomery, Alivia Gerren, Robyn McNabb in their individual capacities are **DISMISSED** without prejudice.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 31st day of March, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE